UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON PAYMENTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PENSON & CO. LLC, et al.,<br><br>Defendants. | Case No. 24-cv-00385-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 29 |

Before the Court is Defendant Hangzhou Yunduan Import and Export Trade Co., Ltd.'s ("Yun Duan") motion to dismiss for lack of personal jurisdiction. ECF No. 29. The Court will deny the motion.

I.  **BACKGROUND**

This interpleader action is related to *Penson & Co., LLC v. Cloudstyle Store*, No. 4:20-cv-5174-JST, in which Penson alleged that defendants Cloudstyle Store and Yun Duan unlawfully copied the design of its face mask packaging, which masks they sold on Amazon. *Penson & Co., LLC v. Cloudstyle Store*, No. 4:20-cv-5174-JST, ECF No. 1. On September 21, 2021, the Court entered a default judgment against Cloudstyle Store. *Penson & Co., LLC v. Cloudstyle Store*, No. 4:20-cv-5174-JST, ECF No. 35. Yun Duan then moved to set aside the judgment, which the Court denied. *Penson & Co., LLC v. Cloudstyle Store*, No. 4:20-cv-5174-JST, ECF No. 50. The Court subsequently granted Penson's motion for assignment of Cloudstyle Store's right to disbursement from the Amazon Payments account for seller ID ABVOXG9QD52NV. *Penson & Co., LLC v. Cloudstyle Store*, No. 4:20-cv-5174-JST, ECF No. 121. Amazon then filed a motion for deposit, to deposit the funds with CRIS to extricate itself from the ongoing litigation between Penson and Yun Duan. ECF No. 11. Both Penson and Yun Duan opposed the motion. ECF Nos. 19, 20.

1 Yun Duan now moves to dismiss for lack of personal jurisdiction. ECF No. 29.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1335.

## III. LEGAL STANDARD

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* "Uncontroverted allegations in the plaintiff's complaint must be taken as true", and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.

## IV. DISCUSSION

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Courts "have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). Yun Duan argues this court lacks personal jurisdiction over it. ECF No. 29 at 3. Amazon, however, contends the Court has specific jurisdiction over Yun Duan. ECF No. 39 at 3–6.

Specific personal jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). The Ninth

Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* If the plaintiff satisfies both prongs, "the burden then shifts to the defendant to 'present a compelling case" that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### A. Purposeful Direction

The first prong of the minimum contact test is often called the "purposeful availment" prong. *Yahoo! Inc. v. La Ligue Contre Le Racism Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The phrase "purposeful availment," however, is often used "in shorthand fashion, to include both purposeful availment and purposeful direction." *Schwarzenegger*, 374 F.3d at 802. "A purposeful availment analysis is most often used in suits sounding in contract." *Id.* "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.*

The underlying action involves claims for trademark infringement, copyright infringement, and unfair competition. "Because each of those claims requires an intentional tortious or 'tort-like' act, [the Court] employ[s] the purposeful direction test." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023).

Courts determine whether a defendant purposefully directed its actions at a forum by applying the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). The test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."

3

*Dole Food Co. v. Watts*, 303 F.3d 1104, 111 (9th Cir. 2002). "All three parts of the test must be satisfied." *Schwarzenegger*, 374 F.3d at 805.

All three elements of the test are satisfied here. First, Yun Duan's sale of products to California residents is an intentional act. *Herbal Brands Inc.*, 72 F.4th at 1091 ("Defendants' sale of products to Arizona residents is an intentional act"). Second, Yun Duan "expressly aimed" its conduct at California by selling its products via Amazon and causing those products to be delivered in the state during its regular course of business. *See id.* at 1093 ("We now hold that if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum."); Matondo Decl. ¶ 3, ECF No. 39-1 ("third-party Amazon seller account registered under Seller ID ABVOXG9QD52NV sold 64,288 physical products delivered to customers within the State of California."). Third, "[a] defendant causes harm in a particular forum when the 'bad acts' that form the basis of the plaintiff's complaint occur in that forum." *Will Co., Ltd. V. Lee*, 47 F.4th 917, 926 (9th Cir. 2022) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)). Here, Yun Duan was aware that its packaging infringed on Penson's design, which could foreseeably cause harm in California. *See Swarts v. Home Depot, Inc.*, 689 F.Supp.3d 732, 741 (N.D. Cal. 2023).

B.   **Arise Out of or Relate to Forum Activities**

The second prong of the minimum contacts inquiry considers whether the plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262). "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing. *Id.* at 362. In the initial action, Penson alleged harm caused by Yun Duan's sale of its face masks, which clearly arise out of and relate to Yun Duan's sale of those same products to California residents. *Herbal Brands, Inc.*, 72 F.4th at 1096. In this interpleader action, Amazon seeks to deposit the funds from Yun Duan's Amazon seller account, to which Penson asserts a right because of its default judgment in the initial action. Accordingly, Amazon's claims also relate to

4

Yun Duan's contacts with the forum.

### C. Fair Play and Substantial Justice

Once the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp.*, 471 U.S. at 476–78). To evaluate reasonableness, the Ninth Circuit employs a balancing test that weighs seven factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Bermuda) Ltd v. Aero Law Grp.*, 905 F.3d 597, 607 (9th Cir. 2018).

While Yun Duan contends that the exercise of jurisdiction would be unreasonable, it does not address any of the above factors. ECF No. 29 at 8. Yun Duan merely reiterates that because Amazon fails to meet the other prongs of the three-prong test it would be unfair to subject Yun Duan to this Court's jurisdiction. *Id.* As explained above, the first two prongs have been satisfied here and Yun Duan presents no "compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (internal quotation marks and citation omitted).

Accordingly, the Court finds there is specific jurisdiction over Yun Duan.[1]

### CONCLUSION

For the foregoing reasons Yun Duan's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: June 24, 2024

JON S. TIGAR
United States District Judge

---

[1] Because the Court finds it has specific personal jurisdiction over Yun Duan it does not reach the parties' waiver arguments.